SAYRE, JUDGE:
Claimant brought this action for personal injuries which occurred when she stepped into a hole in the berm of U.S. Route 52 in Kimball, McDowell County. U.S. Route 52 is a two lane road with a wide berm at the site of claimant’s incident that is maintained by respondent. This claim was heard on the issue of liability only. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 2:00 p.m. and 3:00 p.m. on May 11, 2000. Ms. Easley testified that she was headed to the Kimball Post Office to pick up her mother’s mail. She parked along the shoulder of U.S. Route 52, an area that she stated was frequently used as a parking area for the post office and Kimball Light and Water Company. Claimant testified that after she parked her vehicle, she walked around to the left rear of her vehicle and between her vehicle and the vehicle parked behind her. As she was walking between the vehicles, her left foot twisted and she fell forward, breaking her foot. She stated that her foot had gotten stuck in a hole in the shoulder of the road that she had not seen. Ms. Easley testified that the hole was approximately two inches deep and just wide enough for her foot to get stuck in it. She further stated that there were no markings around the hole to warn the traveling public that it was there.
Ricky Bohin testified on behalf of claimant that on the date of claimant’s incident he was walking in the door to the post office when he heard Ms. Easley yell as she fell to the ground. Mr. Bohin stated that he turned around to see her on the ground approximately six feet from where he was standing at the entrance to the post office. He testified that he helped Ms. Easley get up and get her mail, then helped her back to her vehicle. Mr. Bohin further stated that he knew the hole that claimant stepped into had been there for a while.
The position of claimant is that respondent was negligent in failing to give any type of warning regarding the hole to the traveling public.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 52 at the site of the claimant’s accident for the date in question.
Kenneth Jenkins, Maintenance Assistant for the respondent in Mercer County and McDowell County as well as on 1-77, testified that he was not aware of any complaints regarding a hole in the shoulder area of U.S. Route 52 in the area of the Kimball Post Office prior to claimant’s incident. Mike Vasarhelyi, an Investigator Two in the Claims Section, Legal Division of respondent, testified that the hole in the area of claimant’s incident was a utility cover that is about six inches in diameter. He stated that the utility cover is approximately two inches below the surface of the shoulder. Mr. Vasarhelyi further testified that the hole is approximately four feet south of the post office *49 door, in the center of the shoulder.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a hole on U.S. Route 52 in the shoulder near the Kimball Post Office prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.